1   LUCAS VALLEY LAW
    MARK K. de LANGIS (SBN 190083)
2   2110 Elderberry Lane
    San Rafael, California 94903
3   Telephone: (415) 472-3892
    Facsimile: (415) 472-3977
4   mdelangis@lucasvalleylaw.com

5   Attorney for Plaintiffs
    AMERICAN PRESIDENT LINES, LTD. and
6   APL CO. Pte., LTD.

7

8                   UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11  AMERICAN PRESIDENT LINES, LTD., a       No. CV 07 6462 JCS
    corporation and APL CO. Pte., LTD., a
12  corporation,

13              Plaintiffs,                 COMPLAINT FOR:

14        v.                               1.  ACTION AGAINST SURETY ON
                                               STATUTORY BOND;
15  HARTFORD FIRE INSURANCE COMPANY, a     2.  ACTION AGAINST SURETY ON
    corporation,                              CONTINUING GUARANTY;
16                                          3.  DECLARATORY RELIEF
                Defendant.
17

18

19  _____

20

21

22          Plaintiffs American President Lines, Ltd. and APL Co. Pte., Ltd. (collectively

23  "APL") complain against defendant Hartford Fire Insurance Company and allege as follows:

24

25

26

**JURISDICTION**

1.    The following claims are admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and fall within the admiralty jurisdiction of this Court under 28 U.S.C. section 1333.  Federal jurisdiction is also found under 28 U.S.C. section 1352 as an action against a bond executed under a law of the United States, specifically, 46 U.S.C. app. section 1718 and 46 C.F.R. section 515.23.

**PARTIES**

2.    Plaintiff American President Lines, Ltd. is, and at all relevant times was, a corporation duly organized and existing under the laws of the State of Delaware, residing in Oakland, California.

3.    Plaintiff APL Co. Pte., Ltd. is, and at all relevant times was, a corporation duly organized and existing under the laws of Singapore, registered to do business in the State of California.

4.    APL is informed and believes, and on that basis alleges that defendant Hartford Fire Insurance Company ("Hartford") is, and at all relevant times was, a corporation duly organized and existing under the laws of the State of Connecticut.

**FIRST CAUSE OF ACTION**
(Action Against Surety on Statutory Bond)
(46 U.S.C. app. § 1718)
(46 C.F.R. § 515.23)

5.    At all relevant times, APL was and still is an ocean carrier of goods for hire, *inter alia*, between U.S. and foreign ports.

6.    On or about November 3, 2003, APL and defendant's principal, Unicom Trans, Inc. ("Unicom") entered into a written maritime service contract for the shipment of Unicom's cargo in international commerce between the United States and Russia.   The maritime service

1    contract commenced on November 3, 2003 and expired on January 31, 2004.

2          7.     In entering into the maritime service contract, APL was required by federal law to

3    ensure that Unicom was a licensed and bonded ocean transportation intermediary.  APL did so.

4          8.     Effective on March 25, 2002, Hartford made, executed, and filed with the Federal

5    Maritime Commission, an instrument designated "Ocean Transportation Intermediary (OTI)

6    Bond" for $75,000.  (A true and correct copy of the OTI bond is attached hereto as Exhibit A.)

7          9.     In the bond, Hartford guaranteed to pay any judgment or settlement made

8    pursuant to a claim under 46 C.F.R. section 515.23 for damages against its principal arising from

9    the principal's transportation-related activities.

10          10.    Unicom breached the above-described maritime service contract between it and

11    APL.

12          11.    On or about March 9, 2006, APL presented Hartford with a claim against the

13    bond issued by Hartford on Unicom's behalf, pursuant to 46 U.S.C. app. section 1718 and 46

14    C.F.R. section 515.23.  Subsequently, Hartford rejected APL's claim.  (When APL submitted its

15    claim to Hartford, APL also sent a copy of the demand to Unicom.)

16          12.    When neither Unicom, nor Hartford paid APL's claim for the breach of contract,

17    APL filed a demand for arbitration against Unicom, pursuant to the terms of the contract.  APL

18    prevailed in the arbitration and was awarded the sum of $19,828.90 in the arbitration.   The

19    arbitration award was confirmed by the U.S. District Court for the Northern District of California

20    and a judgment (including costs of suit) was entered in APL's favor against defendants' principal

21    for $20,178.90.

22          13.    No part of the $20,178.90 judgment has been paid by defendant's principal,

23    Unicom.

24          14.    Hartford has paid no part of the sum due under its guaranty bond, despite APL's

25    demand.  There is now due, owing, and unpaid from Hartford's guaranty bond, the sum of

26    $20,178.90, plus interest on that sum.

15.     As a proximate result of Hartford's failure to pay on its guaranty bond as required by federal law, APL has not received the amount owed by defendant under the guaranty bond, and has been damaged in the sum of $20,178.90, together with interest and attorneys' fees in collecting this amount.

## SECOND CAUSE OF ACTION
(Action Against Surety on Continuing Guaranty)
(46 U.S.C. app. § 1718)
(46 C.F.R. § 515.23)

16.     APL refers to, and by that reference incorporates as if fully set forth herein, each and every allegation set forth in paragraphs 1 through 15, inclusive, hereinabove.

17.     The purpose of Hartford's guaranty bond was to induce APL to enter into the above-described contract and to otherwise induce APL to do business with Hartford's principal, Unicom.

18.     APL acted in reliance on the bond guaranty and entered into the above-described contract with Unicom, after verifying with the FMC that Unicom was appropriately licensed and bonded.

19.     When a dispute arose between APL and Unicom, APL prevailed in the arbitration proceeding against Unicom.

20.     Unicom is now indebted to APL in the sum of $20,178.90.

21.     No part of the $20,178.90 has been paid by Unicom.  Nor has Hartford paid any part of the sum due under the guaranty despite APL's demand.  There is now due, owing, and unpaid from Hartford, the amount of  $20,178.90, plus interest on that sum.

22.     As a result of Hartford's failure to pay on the guaranty bond as required by federal law, APL has not received the amount owed by Hartford under the guaranty bond, and has been damaged in the sum of $20,178.90, together with interest and attorneys' fees in

1   collecting this amount.

2

3   **THIRD CAUSE OF ACTION**

4   **(Declaratory Relief)**

5        23.    APL refers to, and by that reference incorporates as if fully set forth herein, each

6   and every allegation set forth in paragraphs 1 through 22, inclusive, hereinabove.

7        24.    Pursuant to 46 U.S.C. app. section 1718(b)(2)(C), an ocean transportation

8   intermediary's bond "shall be available to pay any judgment for damages against an ocean

9   transportation intermediary arising from its transportation-related activities."

10        25.    APL attempted to resolve this matter with Unicom and with Hartford by

11   presenting its claim and supporting documentation to all entities.  Neither defendant's principal,

12   nor defendant Hartford, has paid anything towards the amount owed of $20,178.90, despite the

13   existence of an arbitration award for that amount against Unicom and in favor of APL.

14        26.    APL asks the Court to enter a judgment declaring that Hartford must make its

15   guaranty bond (a copy of which is attached hereto as Exhibit A) available to pay the amount of

16   $20,178.90 to APL to satisfy the arbitration award against Unicom, with interest accruing from

17   the date of the arbitration award.

18

19

20   ///

21

22   ///

23

24   ///

25

26   ///

1

**PRAYER FOR RELIEF**

2        WHEREFORE, Plaintiffs American President Lines, Ltd. and APL Co. Pte., Ltd.

3   pray that judgment be entered herein in its favor on the Complaint as follows:

4

5        On the FIRST AND SECOND CAUSES OF ACTION,

6            1.    The Court enter judgment in APL's favor against the bond issued by

7                  Hartford in the sum of $20,178.90;

8            2.    The Court award APL interest on all sums as provided by law;

9            3.    The Court award APL its costs of suit;

10           4.    The Court award APL such other and further relief as the Court may deem

11                 proper.

12       On the THIRD CAUSE OF ACTION,

13           1.    A declaration that Hartford Fire Insurance Company must make its

14                 guaranty bond available to pay APL's arbitration award against its

15                 principal; and that Hartford is liable for Unicom's debt to APL for the full

16                 amount of the judgment, in the sum of $20,178.90, with interest from the

17                 date of the arbitration award.

18
    DATED:  December 26, 2007
19

20                                          LUCAS VALLEY LAW

21

22

23       By: _____

24                            Mark K. de Langis
                            Attorneys for Plaintiffs
25                   AMERICAN PRESIDENT LINES, LTD.
                            APL Co. Pte., Ltd.
26

COMPLAINT

6

# EXHIBIT A

17279
N

## Form FMC-48
## FEDERAL MARITIME COMMISSION

### Ocean Transportation Intermediary (OTI) Bond
(Section 19, Shipping Act of 1984, as amended by the Ocean Shipping Reform Act of 1998 and the Coast Guard Authorization Act of 1998)

UNICOM TRANS, INC. – (NVOCC) , as Principal (hereinafter "Principal"), and **Hartford Fire Insurance Company**, as Surety (hereinafter "Surety") are held and firmly bound unto the United States of America in the sum of  $75,000.00  for the payment of which sum we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally.

Whereas, Principal operates as an OTI in the waterborne foreign commerce of the United States in accordance with the Shipping Act of 1984, as amended by the Ocean Shipping Reform Act of 1998 and the Coast Guard Authorization Act of 1998 ("1984 Act"), 46 U.S.C. app 1702, and, if necessary, has a valid tariff published pursuant to 46 CFR part 515 and 520, and pursuant to section 19 of the 1984 Act, files this bond with the Commission;

Now, Therefore, The condition of this obligation is that the penalty amount of this bond shall be available to pay any judgment or any settlement made pursuant to a claim under 46 CFR § 515.23 (b) for damages against the Principal arising from the Principal's transportation-related activities or order for reparations issued pursuant to section 11 of the 1984 Act, 46 U.S.C. app. 1710, or any penalty assessed against the Principal pursuant to section 13 of the 1984 Act, 46 U.S.C. app. 1712.

This bond shall inure to the benefit of any and all persons who have obtained a judgment or a settlement made pursuant to a claim under 46 CFR 515.23 (b) for damages against the Principal arising from its transportation-related activities or order of reparation issued pursuant to section 11 of the 1984 Act, and to the benefit of the Federal Maritime Commission for any penalty assessed against the Principal Pursuant to Section 13 of the 1984 Act. However, the bond shall not apply to shipments of used household goods and personal effects for the account of the Department of Defense or the account of federal civilian executive agencies shipping under the International Household Goods Program administered by the General Services Administration.

Form FMC-48
(Rev. 05/99)

1

JGINVOCC154

The liability of the Surety shall not be discharge by any payment or succession of payments hereunder, unless and until such payment or payments shall aggregate the penalty of this bond, and in no event shall the Surety's total obligation hereunder exceed said penalty regardless of the number of claims or claimants.

This bond is effective the 25ᵀᴴ day of MARCH , 2002 , and shall continue in effect until discharged or terminated as herein provided. The Principal or the Surety may at any time terminate this bond by written notice to the Federal Maritime Commission at its office in Washington, DC. Such termination shall become effective thirty (30) days after receipt of said notice by the Commission. The Surety shall not be liable for any transportation-related activities of the Principal after the expiration of the 30-day period but such termination shall not affect the liability of the Principal and Surety for any event occurring prior to the date when said termination becomes effective.

The Surety consents to be sued directly in respect of any bona fide claim owed by Principal for damages, reparations or penalties arising from the transportation-related activities under the 1984 Act of Principal in the event that such legal liability has not been discharged by the Principal or Surety after a claimant has obtained a final judgment (after appeal, if any) against the Principal from a United States Federal or State Court of competent jurisdiction and has complied with the procedures for collecting on such a judgment pursuant to 46 CFR 515.23 (b), the Federal Maritime Commission, or where all parties an claimants otherwise mutually consent, from a foreign court, or where such claimant has become entitled to payment of a specified sum by virtue of a compromise settlement agreement made with the Principal and/or Surety pursuant to 46 CFR 515.23 (b), whereby, upon payment of the agreed sum, the Surety is to be fully, irrevocably and unconditionally discharged from all further liability to such claimant; provided, however, that Surety's total obligation hereunder shall not exceed the amount set forth in 46 CFR 515.21, as applicable.

The underwriting Surety will promptly notify the Director, Bureau of Tariffs, Certification and Licensing, Federal Maritime Commission, Washington, DC 20573, of any claim(s) against this bond.

Form FMC-48
(Rev. 05/99)

2

JGINVOCC154

Signed and sealed this 25 day of March , 2002 .

(Please type name of signer under each signature)

_____ Individual Principal or Partner

_____ Business Address

_____ Individual Principal or Partner

_____ Business Address

_____ Individual Principal or Partner

_____ Business Address

_____

Trade Name, If Any

UNICOM TRAN, INC.                     Principal

A CALIFORNIA CORPORATION              State of Incorporation
15500 S. WESTERN AVENUE,
GARDENA, CA 90249                     Business Address

_____ By

SUN H. KIM – CHIEF EXECUTIVE OFFICER
_____ Title

(Affix Corporate Seal)

Hartford Fire Insurance Company  Corporate Surety
One Exeter Plaza
Boston, MA  02116                Business Address

James M. Gorman                  By

Attorney-In-Fact                 Title
(Affix Corporate Seal)

Form FMC-48

3.
JGINVOCC154